Filed 2/13/24  P. v. Rojo CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CESAR JOSE ROJO,<br><br>    Defendant and Appellant. | B330778<br><br>(Los Angeles County<br> Super. Ct. No. GA049199) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Richard Lennon and Ann Krausz, under appointment by the Court of Appeal, and Cesar Jose Rojo, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Cesar Jose Rojo (Rojo) was convicted of attempted voluntary manslaughter after a jury trial. The judgment was affirmed on direct appeal. Rojo subsequently filed a petition for recall and resentencing under Penal Code section 1172.6. The trial court denied the petition, concluding Rojo was ineligible for relief as a matter of law.

On appeal, appellate counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216. Rojo submitted his own letter brief and requested that this court address one issue. We address Rojo's issue and affirm the order.

## PROCEDURAL BACKGROUND

In 2003, a jury found Rojo guilty of attempted voluntary manslaughter (Pen. Code, § 664/192, subd. (a)). The jury found true the allegation that Rojo personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)) and the allegation that Rojo personally used a firearm (Pen. Code, § 12022.5, subds. (a), (d)).[1] The court sentenced Rojo to 45 years to life in state prison.

In 2004, this court affirmed the judgment on appeal. (*People v. Rojo* (July 19, 2004, B168049) [nonpub. opn.].)

In December 2022, Rojo filed, in pro. per., a petition for resentencing under section 1172.6. The trial court denied the petition, finding that Rojo failed to establish a prima facie case that he was entitled to relief because he was not convicted of any charges that would make him eligible for relief under section 1172.6.

Rojo filed a timely notice of appeal.

---

[1] All undesignated statutory references are to the Penal Code.

# DISCUSSION

A. *Governing Principles*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) Senate Bill No. 1437 (SB 1437) added section 189, subdivision (e) (limiting application of the felony-murder rule) and section 188, subdivision (a)(3) (stating that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime"). As amended by Senate Bill No. 775, effective January 1, 2022, these ameliorative changes to the law now expressly apply to attempted murder and voluntary manslaughter.

SB 1437 also created a procedure, codified at section 1172.6, for a person convicted of murder, attempted murder, or voluntary manslaughter under the former law to be resentenced if the person could no longer be convicted of those crimes under the current law. (*Lewis*, *supra,* 11 Cal.5th at p. 959; *Gentile, supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder, attempted murder, or voluntary manslaughter under the current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) If a petition establishes a prima facie case for relief, the trial court must appoint counsel if requested, issue an order to

show cause, and hold an evidentiary hearing.  (*Strong*, at pp. 708–709; § 1172.6, subds. (b)(3), (c), & (d)(1).)

Where a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 981, overruled in part on another ground in *Lewis, supra*, 11 Cal.5th at pp. 962–970.)

B. *Analysis*

Rojo asserts that he is eligible for resentencing under section 1172.6 because he "was convicted of attempted manslaughter which is basically the same crime as attempted murder."  However, the amendments enacted by Senate Bill No. 775 (2020–2021 Reg. Sess.) limited resentencing to petitioners convicted after trial of murder, attempted murder, and voluntary manslaughter, subject to certain express requirements. The Legislature did not include attempted voluntary manslaughter within those provisions. "'[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.'" (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)  "Where, as here, the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. . . .  [W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.'" (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.)

Because Rojo has not presented any cognizable arguments on appeal, we must affirm the trial court's order.  (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["a trial court's order/judgment is presumed to be correct, error is

4

never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"].)

## DISPOSITION

The trial court's postjudgment order denying Rojo's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

We concur:


CURREY, P. J.


MORI, J.